IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VICTOR MANUEL OSORIO-CRUZ, )
                            )
            Plaintiff,      )
                            )
         v.                 )      1:10CV662
                            )
MR. LEWIS SMITH, et al.,    )
                            )
            Defendant(s).   )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a prisoner of the State of North Carolina, has submitted what is intended to be a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. However, a review of the Complaint shows that serious flaws make it impossible to further process it.

The Complaint alleges that, on February 25, 2008, Plaintiff was convicted of trafficking cocaine and sentenced to 35 to 42 months of imprisonment in case 06 CRS 052505. (Docket Entry 2, § V, ¶ 3.) Later, on October 28, 2008, he was convicted of assault with a deadly weapon inflicting serious injury in case 07 CRS 05314 and sentenced to 29 to 44 months of imprisonment to be served concurrently with his prior trafficking sentence. (*Id.* ¶ 4.) Plaintiff has attached exhibits which support the accuracy of these statements and indicate that both convictions occurred in Alexander County, North Carolina. (Docket Entry 2, Exs. A, B.)

Plaintiff alleges that he was initially given a projected release date of May 26, 2010. However, on May 24, 2010, he was informed that the date had been changed to September 24, 2010. (*Id.*, § V, ¶ 1.) Plaintiff was upset by the change in his release date and began writing letters to determine what had happened. (*Id.* ¶¶ 6, 9.) He eventually filed an administrative grievance within his prison and pursued that grievance through the administrative review process. (*Id.* ¶¶ 10, 11.) When that effort failed, Plaintiff filed the present action. He alleges that he has been, and still is, imprisoned beyond the expiration of his sentences. According to Plaintiff, the expiration date as to the second sentence was miscalculated and/or that good time credits he earned were not properly applied. Plaintiff contends that he should have been released on May 26, 2010. (*Id.* ¶¶ 12-15.)

As for relief, Plaintiff makes several requests. He seeks $500,000 in compensatory damages for his illegal imprisonment, $500,000 in punitive damages, and reimbursement of any applicable fees. (Docket Entry 2, § VI, ¶¶ 1-3.) Plaintiff also seeks two injunctions. In the first request, he asks that he be released from prison while this case is pending. (*Id.* ¶ 4.) In the second, Plaintiff asks that the Court issue an order requiring that he be present at hearings in the case. Plaintiff further explains that he seeks the foregoing order because the federal government has placed a detainer on him and intends to deport him at the expiration of his sentence, but he wants the Court to "hold or put a delay in plaintiff's deportation proceedings until this complaint is settled and concluded." (*Id.*)

The primary problem with Plaintiff's Complaint is that it challenges the calculation of his sentence and seeks, in part, his release from prison. As a result, a civil rights action under § 1983 is not the proper vehicle for bringing his claims. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close,* 540 U.S. 749, 750 (2004). Moreover, habeas corpus actions represent the only avenue to federal court for "state prisoners who were deprived of good-conduct-time credits." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (discussing good time credits in the context of prison disciplinary proceedings). *Accord Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of physical confinement' and thus lies at 'the core of habeas corpus.'" (internal citations and ellipses omitted) (quoting *Preiser*, 411 U.S. at 487-88)). *See also Pierce v. Freeman*, No. 95-7031, 1997 WL 467533, at *1-2 (4th Cir. Aug. 15, 1997) (unpublished; decision without opinion, 121 F.3d 699) ("[A] prisoner seeking the restoration of good time credits in federal court may only do so by way of writ of habeas corpus. Neither can [a prisoner] proceed on [a] claim for monetary damages for the alleged deprivation of good-time credits without due process of law. . . . [S]uch claims, if proven, would necessarily imply the invalidity of the revocation of [the] good time credits . . . and are consequently barred under the rule announced in [*Heck v. Humphrey*, 512 U.S. 477, 487 (1994)]." (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)) (internal citations omitted)).

Because Plaintiff seeks an earlier release from prison, his claims must be brought as a habeas action under 28 U.S.C. § 2254, not under § 1983.

Ordinarily, where a prisoner brings what should be habeas claims in a § 1983 action, the Court would consider allowing the action to continue, but to construe it as one seeking a writ of habeas corpus. However, there are two problems with taking that course in the present case. First, Plaintiff was convicted in Alexander County, which lies within the territorial jurisdiction of the United States District Court for the Western District of North Carolina. Any habeas action thus should be pursued in the Western District. The Court could, in the exercise of its discretion and in furtherance of justice, transfer this case to the district of conviction under 28 U.S.C. § 2241(d). Unfortunately, the second problem forecloses that option. Specifically, Plaintiff states in his Complaint that he has exhausted his claims using the prison system's administrative grievance process, but makes no mention of ever having exhausted his claims in the state courts.

As this Court has previously stated, "[w]here, as here, a state prisoner challenges 'the length and duration of his confinement[,] . . . contends that certain good-conduct credits were improperly canceled by the defendants and . . . seeks the restoration of those canceled credits so that he can secure his release,' he must exhaust his state remedies." *Hatcher v. Keller*, No. 1:10CV30, 2010 WL 1568458, at *2 (M.D.N.C. April 16, 2010) (quoting *Todd v. Baskerville*, 712 F.2d 70, 73 (4th Cir.1983)). Further, "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A-1411 et seq., in the superior court where the

conviction arose and by appealing any adverse ruling thereon in the state appellate courts." *Id.* (citing *State v.. Bowden*, 193 N.C. App. 597, 597-99 (2008)). The same is true for sentence calculation errors generally. *See*, *e.g.*, *State v. Ellis*, 361 N.C. 200, 639 S.E.2d 425 (2007) (Motion for Appropriate Relief used to challenge whether North Carolina Department of Correction properly calculated sentences as consecutive).

"A petitioner's failure to utilize such state remedies before pursuing a claim of this sort in federal court warrants dismissal of the habeas action." *Hatcher*, 2010 WL 1568458, at *2 (citing *Moore v. Department of Corrections*, No. 7:09CV252, 2009 WL 1917084 (W.D. Va. June 30, 2009) (unpublished)). *Moore* stated that because the petitioner there "offer[ed] no indication whatsoever that he has presented his sentencing miscalculation claim to the Supreme Court of Virginia as required for exhaustion of state court remedies, pursuant to § 2254(b)," he failed "to meet his burden to prove exhaustion," which meant that "the court must dismiss his petition without prejudice." *Moore*, 2009 WL 1917084, at *2. The case before the Court presents that same situation. The Complaint makes it clear that Plaintiff has pursued his claims inside the North Carolina prison system, but gives no indication that he has presented his claims, as he must, in the North Carolina court system. Dismissal without prejudice is proper in order to allow Plaintiff to properly exhaust his claims or to file a proper habeas corpus action in the proper venue alleging proper exhaustion.

Consequently, this particular Complaint should be dismissed, but without prejudice to Plaintiff bringing these claims in a habeas petition filed in the Western District of North Carolina if and/or when he has exhausted his state court remedies. *In forma pauperis* status is granted for the sole purpose of entering this Memorandum Opinion, Order, and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Memorandum Opinion, Order, and Recommendation.

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff bringing these claims in a habeas petition filed in the Western District of North Carolina if and/or when he has exhausted his state court remedies.

                                        /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                   **United States Magistrate Judge**

August 31, 2010